UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-80402-SMITH/MATTHEWMAN

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA; and
THE TRAVELERS INDEMNITY COMPANY,

      Plaintiffs,

vs.

NEWTON GROUP TRANSFERS, LLC, *et al.*,

      Defendants.

_____/

FILED BY_____KJZ_____D.C.

**Oct 19, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING WYNDHAM'S MOTION FOR RULE 11 SANCTIONS [DE 51]

**THIS CAUSE** is before the Court upon Defendants, Wyndham Vacation Ownership, Inc.,

Wyndham Vacation Resorts, Inc., Wyndham Resort Development Corporation, and Shell

Vacations, LLC's (collectively, "Wyndham") Motion for Rule 11 Sanctions ("Motion") [DE 51].

The Motion was referred to the undersigned by the Honorable Rodney Smith, United States

District Judge. *See* DE 42. Plaintiffs, Travelers Casualty Insurance Company of America and The

Travelers Indemnity Company (collective, "Plaintiffs"), filed a response [DE 52], and no timely

reply was filed. The Court held a hearing on the Motion via Zoom video teleconference (VTC) on

October 16, 2020. This matter is now ripe for review.

## I.      BACKGROUND

On November 21, 2018, in the underlying case, no. 18-cv-80311-Rosenberg/Reinhart,

Wyndham filed an Amended Complaint in the Southern District of Florida against Newton Group

Transfers, LLC, The Newton Group, ESA LLC, Newton Group Exit, LLC (collectively,

"Newton"), and multiple other defendants for damages and injunctive relief (the "Wyndham Action"). [DE 17-2]. As a result of that lawsuit, Newton made a claim under Plaintiffs' policies. [DE 17, Am. Compl., ¶ 23; DE 51, p. 2]. Plaintiffs denied coverage, refused to defend Newton in the Wyndham Action, and denied any obligation to indemnify Newton in the Wyndham Action. [Am. Compl., ¶ 32-34; DE 51, p. 2]. On August 23, 2019, Wyndham and Newton filed a joint stipulation to voluntarily dismiss Wyndham's claims against Newton in the Wyndham Action. [DE 51, p. 2; DE 51-2]. Thus, while other claims remain pending, including a cross-claim by Newton against other defendants, no claims remain pending in the Wyndham Action between Wyndham and Newton. [DE 51, p. 2].

On March 6, 2020, Plaintiffs filed a Complaint [DE 1] against Wyndham, Newton, and other defendants. In the Complaint, Plaintiffs sought a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and Rule 57 of the Federal Rules of Civil Procedure, as to its obligations under two insurance policies. On April 14, 2020, Plaintiffs filed an Amended Complaint [DE 17]. Thereafter, Wyndham filed a Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Jurisdiction [DE 21]. After the motion to dismiss was fully briefed, Judge Smith granted it. [DE 45]. Judge Smith explained that "Plaintiffs seek a declaration that they have no duty to defend or indemnify Newton in two underlying actions. Wyndham moves to dismiss the claims because Wyndham has dismissed the claims against Newton in the underlying action and, therefore, there is no actual or ongoing controversy involving Wyndham." He then provided various reasons for granting the motion to dismiss.

After the claims against them were dismissed, Wyndham filed the Motion currently before the Court.

## II.      THE MOTION AND RESPONSE

Wyndham moves for monetary sanctions against Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure for asserting claims against them that lack any basis in law or fact, and are based upon Plaintiffs' admitted mistake of fact in including them in this lawsuit in the first place. [DE 51, p. 1]. According to Wyndham, "[d]espite the fact that the Stipulated Dismissal was plainly reflected on the docket of the Wyndham Action, on March 6, 2020, Travelers filed suit against Wyndham and the Newton Defendants seeking a declaration that Travelers has no duty to defend the Newton Defendants against the claims in the Wyndham Action, or to indemnify the Newton Defendants from any judgment against it in the Wyndham Action. This is non-sensical on the face of the docket." *Id.* at pp. 2-3. Wyndham explains that it contacted Plaintiffs on two occasions after the lawsuit in this case was filed. *Id.* at p. 3. On or about April 2, 2020, Plaintiffs' counsel admitted that Wyndham was included as parties in the case based upon a mistaken reading of the docket from the Wyndham Action. *Id.* Finally, Wyndham represents that it served Plaintiffs and their counsel with an unfiled copy of this motion on May 20, 2020, in accordance with the safe-harbor provisions of Rule 11. *Id.* at p. 9.

Attached to the Motion are the Joint Stipulation to Voluntarily Dismiss filed in the underlying case [DE 51-1] and the Declaration of Christian M. Leger, Esq. in Support of Motion for Sanctions [DE 51-2].

In response, Plaintiffs argue that they had a reasonable factual and legal basis for designating Wyndham as defendants in this action. [DE 52, p. 1]. According to Plaintiffs, they named Wyndham as defendants because Plaintiffs reasonably believed this was required pursuant

to Fed. R. Civ. P. 19 and guidance from the United States Court of Appeals for the Eleventh Circuit. *Id.* at p. 2. In other words, Plaintiffs believed the Wyndham entities were indispensable parties. *Id.* According to Plaintiffs, Wyndham's request for Rule 11 sanctions was made for the sole purpose of harassing and penalizing Plaintiffs for taking a "reasonable, measured and proper position" in the declaratory judgment action, based on its interpretation the law. *Id.* at pp. 2-3. Plaintiffs contend that the Rule 11 Motion lacks merit and fails to describe sanctionable conduct. *Id.* at p. 3. Plaintiffs also point out that counsel for the parties discussed the legal issues in this case on multiple occasions and simply disagreed as to the application of the law. *Id.* at pp. 4-6. Finally, Plaintiffs point out that Wyndham "never identified a single case – and Travelers found none – suggesting that Travelers' understanding of the Eleventh Circuit's 'indispensable party' doctrine was incorrect based on the facts – a 'without prejudice' dismissal of Newton from the Wyndham Lawsuit, remaining claims by Wyndham against other defendants, a remaining crossclaim by Newton against another party, and virtually identical allegations against Newton in the Diamond Lawsuit." [DE 52, p. 6].

Attached to the response is the Declaration of Eugene P. Murphy, Esquire [DE 52-1].

### III.   RELEVANT LAW ON RULE 11 SANCTIONS

Federal Rule of Civil Procedure 11(b) states in relevant part that, when an attorney presents to the court a pleading, that attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading it not being presented for an improper purpose, the claims and legal contentions are supported by existing law or a non-frivolous argument for changing existing law, and the factual conditions have evidentiary support. Fed. R. Civ. P. 11(b). "Rule 11 sanctions are designed to

4

discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Shipping & Transit, LLC v. Demandware, Inc.*, No. 15-80098-CIV, 2015 WL 11438496, at *1 (S.D. Fla. Aug. 4, 2015) (quoting *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotation marks omitted)). "They may be imposed for the purpose of deterrence, compensation and punishment." *Id.* (internal quotation marks omitted).

"Rule 11 is not a vehicle for a defendant to test its defenses to a claim. It is a device to sanction plaintiffs who assert claims (or defendants who assert defenses) with no legal or factual basis. Fairly debatable legal contentions are beyond Rule 11's reach. Due to both the gravity of the consequences of a Rule 11 motion and the need to not trivialize conduct that truly merits sanctions, Rule 11 motions should be employed sparingly." *O'Boyle v. Sweetapple*, No. 14-CV-81250-KAM, 2016 WL 9559959, at *4 (S.D. Fla. May 17, 2016).

"Rule 11 requires a two-step inquiry: (1) a determination whether the non-moving party's claims are objectively frivolous; and (2) whether the party should have been aware that the claims were frivolous." *Philippeaux v. City of Coral Springs*, No. 19-60617-CV, 2019 WL 10303694, at *9 (S.D. Fla. Oct. 16, 2019), *report and recommendation adopted in part,* No. 19-60617-CIV, 2020 WL 2846531 (S.D. Fla. June 2, 2020) (citing *Adams v. Austal, U.S.A., L.L.C.,* 503 F. App'x 699, 703 (11th Cir. 2013)) ("A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel [or a *pro se* party] should have been aware that they were frivolous.").

"Sanctions against a represented party are warranted when the party knew or should have known that the allegations contained in the complaint were frivolous." *See Worldwide Primates,*

*Inc. v. McGreal*, 26 F.3d 1089, 1093 (11th Cir.1994). "Generally, sanctions against a client are appropriate only when the client misrepresents facts in the pleadings." *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1322 (S.D. Fla. 2011), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 F. App'x 677 (11th Cir. 2012).

## IV.   ANALYSIS

The Court has carefully considered the Motion, the response, the entire docket in this case, the relevant law, and the argument of the parties' counsel at the October 16, 2020 hearing. The Court notes that, while Judge Smith did grant Wyndham's motion to dismiss, he did not find the claims against Wyndham to be patently frivolous. *See* DE 45.

Given the unique factual issues in this case, including that there was a dismissal <u>without</u> prejudice entered into in the underlying case, the Court finds that Plaintiffs did have a good-faith basis for making the allegations it made in their Complaint and Amended Complaint and making the arguments they made in response to the motion to dismiss and the motion for sanctions. Plaintiffs' counsel properly investigated the issues, engaged in legal discussions with Wyndham's counsel as to the legal effect of the dismissal without prejudice, proposed alternatives to opposing counsel, and noted in the Amended Complaint that there had been a dismissal without prejudice filed in the underlying case. Plaintiffs' claims against Wyndham in the Complaint and Amended Complaint were not objectively frivolous. Plaintiffs wanted to completely resolve a legal dispute as to whether it had any duty to defend or indemnify Newton in the underlying action, but, since the dismissal was <u>without</u> prejudice, Plaintiffs were put into a difficult and quite unusual legal and factual position. Wyndham and Plaintiff both acknowledge that there is no case law directly on point. Thus, Plaintiffs did not ignore any binding legal authority when filing their claims against

Wyndham.

Wyndham argues that its counsel notified one of Plaintiffs' counsel (an associate attorney) on April 2, 2020, that the dismissal without prejudice had been entered into in the underlying case, and further, Plaintiffs' counsel conceded at the October 16, 2020 hearing that the associate attorney referenced by Wyndham had been unaware at that time of the dismissal without prejudice. However, the associate attorney was only one of several attorneys working on this case. The facts establish that this is not a situation where Plaintiffs' counsel made a mistake and plowed forward by filing an Amended Complaint without any regard for the law. Rather, Plaintiffs' counsel discussed the legal and factual issues with Wyndham's counsel, tried to come to a resolution with Wyndham's counsel, and was unable to do so. The Court finds that, while one of Plaintiffs' counsel may not have been aware of the dismissal without prejudice when it filed its initial Complaint against Wyndham in this case, this did not affect Plaintiffs' counsel's ultimate analysis concerning whether Wyndham was an indispensable party under Federal Rule of Civil Procedure 19 and the relevant case law.

Moreover, when the First Amended Complaint was filed by Plaintiffs, they specifically noted the dismissal without prejudice. [DE 17, p. 7, n. 1]. Thus, this is not a situation where Plaintiffs tried to hide the dismissal without prejudice or ignore it; rather it is a situation where Plaintiffs' counsel researched and discussed the issue and had a reasonable basis to believe that the dismissal without prejudice did not remove Wyndham as an indispensable party. Further, Plaintiffs and their counsel did not misrepresent facts in the pleadings.

Finally, the argument was made for the first time at the October 16, 2020 hearing that one of the parties in the underlying action never actually signed the joint stipulation to dismiss without

7

prejudice in the underlying case [DE 51-1]. While this argument should have been brought up prior to the hearing, the Court does note that the deficiency in the filing could have subjected Plaintiffs to liability at a later date and provides yet another basis for Plaintiffs' decision to file suit against Wyndham in this federal court. This is yet another example why it was reasonable, and not objectively frivolous, for Plaintiffs' counsel to assert that a dismissal with prejudice, rather than one without prejudice, was necessary to remove Wyndham as an indispensable party.

Merely because Plaintiffs' argument did not carry the day when faced with a motion to dismiss filed by Wyndham does not mean that Plaintiffs or their counsel should be subject to Rule 11 sanctions. In sum, the Court finds that Plaintiffs' claims against Wyndham were not objectively frivolous, and Plaintiffs' positions were fairly debatable. Plaintiffs' conduct does not rise to the level of Rule 11 sanctions, and Wyndham's Motion is due to be denied.

## V.   CONCLUSION

Based on the foregoing, the Court hereby **ORDERS AND ADJUDGES** that Wyndham's Motion for Rule 11 Sanctions [DE 51] is **DENIED** in its entirety.

**DONE and ORDERED** in Chambers this 19th day of October, 2020, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge

8